## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

WADE-SCOTT CAMPBELL,       )
                                  )
        Plaintiff,       )
                                  )
v.                            )        **No. 1:26-cv-00262-JAW**
                                  )
ACADIA HOSPITAL et al.,       )
                                  )
        Defendants     )

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Wade-Scott Campbell's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Campbell's complaint.

### I.  Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

Here, the complaint alleges no facts that would permit meaningful review. *See* Complaint (ECF No. 1). The entirety of the factual allegations is as follows: "After moving to Bangor in 1995 my life timeline has been affected in ways that cannot be reversed in any way, shape, or form." *Id.* at 5. A complaint that fails to allege facts that plausibly state a claim for relief must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (2009) (describing the plausibility pleading standard). Because Campbell's complaint does not allege any facts, let alone ones that plausibly state a

claim for relief, I recommend that the Court **DISMISS** the complaint pursuant to

28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: May 21, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

3